UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUV N' CARE, LTD.,<br><br>    *Plaintiff,*<br><br>v.<br><br>EAZY-PZ, LLC,<br><br>    *Defendant*<br><br>v.<br><br>GOLDBERG COHEN, LLP,<br><br>    *Respondent* | Misc. Action No. 1:18-mc-491 (JPO)<br><br>Honorable J. Paul Oetken |

**EAZY-PZ, LLC'S MEMORANDUM IN OPPOSITION TO LUV N' CARE, LTD. AND ADMAR INTERNATIONAL, INC.'S MOTION TO MODIFY SUBPOENA**

### I.    INTRODUCTION

In 2014, Lindsey Laurain, the owner of Eazy-PZ, LLC ("Counter-Plaintiff" or "ezpz"), created an innovative feeding mat that prevents small children from spilling food. After developing the product, Ms. Laurain and ezpz sought patent protection to prevent others from copying this innovative idea. While the patent application (which has since issued as U.S. Patent No. 9,462,903) was pending, ezpz marketed and sold a line of products that had this innovation integrated into the design. The products have been a huge success. ezpz had substantial sales and was even featured on the television show "Shark Tank."

With the success came the copycats. Unfortunately, ezpz's accomplishments put it and its products directly in the crosshairs of Counter-Defendants Luv n' Care, Ltd. and Admar,

1

International Inc. (collectively, "LNC"). LNC filed suit against ezpz alleging a number of violations. ezpz then brought counterclaims against LNC alleging, amongst other things, patent infringement and unfair trade practices.

It turned out that LNC has long been in the business of copying successful products. Of course, in that line of business, it is to be expected that LNC has been embroiled in a number of lawsuits. The law firm of Goldberg Cohen, LLP ("Goldberg Cohen") acted as LNC's intellectual property counsel from August 2010 until 2014, and one of Goldberg Cohen's principals, Mr. Morris E. Cohen, has served as LNC's principal outside intellectual property and litigation counsel for over ten years.[1] Dkt. No. 2 at 2. LNC and Goldberg Cohen have been involved in several disputes regarding this representation, which LNC describes as "contentious." (*Id*.). ezpz issued a subpoena (Dkt. No. 2, Exhibit A) to Goldberg Cohen that was very narrowly tailored to obtain information relevant to the present lawsuit between ezpz and LNC. LNC has moved to modify the subpoena. For the reasons discussed below, LNC's motion is meritless and should be denied.

## II.  LAW AND ARGUMENT

LNC's Motion is styled as under Rule 45(d)(3). LNC alleges ezpz's subpoena should be modified because it requires disclosure of privileged information, it seeks confidential and proprietary information, and because it is vague, overbroad, and seeks irrelevant documents. Dkt. No. 2 at 6. Each of these allegations will be discussed and dismissed in turn.

### A.  *ezpz's Subpoena Does not Require Production of Privileged Information*

LNC's contention that ezpz's subpoena "requires" production of privileged information is blatantly wrong. Dkt. No. 2 at 6-7. In fact, on its face, ezpz's subpoena contemplates that privileged

---

[1] Mr. Cohen is the nephew of Nouri ("Eddie") and Joseph Hakim, LNC's CEO and President. (*Id*. at 3).

2

information would be withheld from production by Goldberg Cohen. The instructions direct Goldberg Cohen to produce "all documents and things… ***unless otherwise privileged***" and even provide a procedure for making claims of privilege or immunity. Dkt. No. 2 at Exhibit A, Attachment A (*emphasis added*). Of course, ezpz does not dispute Goldberg Cohen's files contain privileged information, or even that some of that privileged information may fall under the categories of information ezpz requests. Still, ezpz believes Goldberg Cohen also has responsive, non-privileged information that is relevant to the present lawsuit for the reasons discussed below. Furthermore, ezpz believes at least some of this responsive and non-privileged information is not publically available in the Court records for the malpractice case ezpz identified in the subpoena.

LNC is apparently concerned that its "bitter adversary" Goldberg Cohen will purposefully produce privileged information when it responds to ezpz's subpoena. Dkt. No. 2 at 6-7. Notwithstanding the dispute between LNC and Goldberg Cohen, ezpz assumes that Goldberg Cohen will act according to the New York Rules of Professional Conduct and the Federal Rules of Civil Procedure when responding to the subpoena. But ezpz should not be hamstrung in its discovery in this lawsuit because LNC apparently does not trust its former attorneys. LNC's proposed modifications to the subpoena—that it be limited to publically available information in the malpractice suit and that LNC review documents before they are produced to ezpz—is inappropriate. Dkt. No. 2 at 13. ezpz believes its subpoena should be enforced by this Court as written. ezpz's discovery is relevant, as discussed below, and should not be delayed by allowing LNC to review the information Goldberg Cohen intends to produce prior to production. Still, ezpz notes that the Stipulated Protective Order in this case (which was attached to the subpoena and which LNC acknowledges is in place (Dkt. No. 2 at 13)) provides a procedure by which the parties can correct an accidental production of privileged information. If the Court feels a need to modify

the subpoena, ezpz would be amenable to the application of a similar procedure for accidental disclosure of privileged information by Goldberg Cohen. *See* Dkt. No. 2, Exhibit A, Stipulated Protective Order at 10(B).

### B. LNC's Concerns Regarding Proprietary and Confidential Information are Alleviated by the Protective Order

LNC's next concern is that Goldberg Cohen is in possession of confidential information regarding LNC's intellectual property. Dkt. No. 2 at 8-9. LNC does not identify which of the requests in ezpz's subpoena would implicate such information. *Id*. Even if such information is within the realm of responsive, non-privileged information that ezpz seeks, ezpz indicated in its letter to Goldberg Cohen accompanying the subpoena that Goldberg Cohen was welcome to produce under the Stipulated Protective Order already in place in this case. Dkt. No. 2, Exhibit A. Again, ezpz assumes Goldberg Cohen is competent to designate confidential information just as it is competent to withhold privileged information when responding to the subpoena. Moreover, to the extent Goldberg Cohen would produce information to ezpz that is Confidential without designating it as such, LNC can challenge that designation with Goldberg Cohen by the procedure provided in the Stipulated Protective Order. Dkt. No. 2, Exhibit A, Stipulated Protective Order at 9. Accordingly, there is no need for LNC to review and designate the document prior to production as it alleges. Dkt. No. 2 at 13.

### C. ezpz's Subpoena is Narrowly Tailored and Seeks Information Relevant to the Present Lawsuit

LNC's final complaint is that the subpoena is vague and overbroad, and the documents sought are not relevant to the present action. Dkt. No. 2 at 9. In particular, LNC complains "there is no factual or legal overlap between the issues involved in the concluded Goldberg Cohen malpractice case and those issues involved in the [present action]." *Id*. LNC does not cite any authority for this restrictive definition of relevant—there is none. Evidence is relevant if "it has

any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401(a). Each of ezpz's five requests meet this standard. In particular, ezpz's requests are related to allegations made during the malpractice lawsuit between LNC and Goldberg Cohen. During this lawsuit, Goldberg Cohen alleged that Mr. Eddie Hakim perjured himself and threatened harassing behavior against Goldberg Cohen. Dkt. No. 2, Exhibit A, Exhibits 1 and 2. Accordingly, ezpz seeks unredacted documents filed with the court in the malpractice action (Request No. 1), information related to the allegation of perjury (Request No. 2), information related to the harassing behavior (Request No. 3), sworn affidavits or Mr. Nouri E. Hakim and/or Mr. Robert M. Chiaviello (counsel for LNC) in the malpractice suit (Request No. 4) and information related to LNC's refusal to pay Goldberg Cohen's attorney's fees (Request No. 5). This information is relevant because it goes to the credibility and propensity to tell the truth of LNC's CEO Eddie Hakim. Mr. Hakim was heavily involved in the development of the products at issue in the present litigation, has already been deposed, and will likely be a key trial witness for LNC. Accordingly, information regarding allegations of perjury against Mr. Hakim and LNC's threat of harassing behavior has a "tendency to make [a] fact[s] more or less probable" to be true, even if LNC may characterize such information as "dirt." Dkt. No. 2 at 12.

Other than the alleged irrelevance of the information, LNC's only argument with respect to Request No. 1 is that the redacted information may be privileged or "otherwise sensitive." Dkt. No. 2 at 10. LNC is simply rehashing its concerns about disclosure of privileged or confidential information by Goldberg Cohen, which have nothing to do with its relevance to the present lawsuit. In fact, LNC rehashes these same concerns with respect to all but Request No. 4. Dkt. No. 2 at 10-13.

5

With respect to Request No. 2, LNC argues the use of the word "all" makes the request overbroad and vague (LNC does not complain about the use of the very same word in Requests Nos. 1, 3, and 4). Dkt. No. 2 at 11. LNC indicates that the allegations of perjury are related to Admar International LLC's principal place of business. Dkt. No. 2 at 11. LNC reads ezpz's request, which seeks "all documents, communications, and/or things related to" the allegations of perjury to include "every document in Goldberg Cohen's possession that shows Admar's business address." *Id*. This reading of the request is absurd and simply a stretch by LNC to substantiate its concern that Goldberg Cohen will produce privileged information. *See* Dkt. No. 2 at 11. A reasonable person reading the request would surely understand some, or probably a majority, of documents that simply show Admar's business address are not related to the allegations of perjury against Mr. Eddie Hakim. Accordingly, the Request is not overly broad or vague.

With respect to Request No. 3, LNC argues ezpz has "requested documents about a reference in Goldberg Cohen's legal brief to possible future harassment that never took place." Dkt. No. 2 at 12. ezpz has no knowledge of whether harassing behavior occurred or did not; rather, ezpz simply seeks information about the harassing behavior described in the document attached as Exhibit 2 to the subpoena. Dkt. No. 2 at Exhibit A, Attachment A, Exhibit 2. If Goldberg Cohen determines there are no responsive documents, as LNC alleges (Dkt. No. 2 at 12), it can simply say so. There is no reason to modify the subpoena to address this scenario. Moreover, LNC's contention that Goldberg Cohen would not understand what is being sought by the request and would "therefore produce privileged communications or proprietary material" or would produce information "above and beyond the hypothetical situation posited in its legal brief" (Dkt. No. 2 at 12) simply points back to LNC's concerns about Goldberg Cohen's apparent lack of integrity rather than any impropriety in ezpz's subpoena or any reason to modify this request.

6

Turning now to Request No. 4, LNC represents all sworn affidavits are publically available and does not object to them being produced. Dkt. No. 2 at 12. To the extent there are any non-privileged and relevant affidavits that are not publically available, ezpz requests they be produced by Goldberg Cohen. There is no reason to modify this request either.

LNC reads Request No. 5 in an even more absurd manner than Request No. 2 above. Request No. 5 seeks "all documents, communications and/or things related to LNC's refusal to pay attorney's fees…" which LNC interprets to include "every single document in Goldberg Cohen's possession." Dkt. No. 2 at 12-13. Again, no reasonable person would read the request in this manner—for instance, Goldberg Cohen presumably has other clients and documents related to those clients which are in no way responsive to ezpz's request. Accordingly, Request No. 5 is not vague or overbroad.

Finally, LNC does not suggest how the requests should be modified. Instead, LNC apparently asks this Court to simply strike them and limit the subpoena to the publically available record in the malpractice suit. Dkt. No. 2 at 3.

### III.   CONCLUSION

Therefore, for all the reasons and authority set forth above, ezpz respectfully requests that the Court deny LNC's Motion in its entirety.

Dated: Syosset, New York
November 12, 2018

Respectfully submitted,

**THE RANDO LAW FIRM P.C.**

By:   /s/   Robert J. Rando
        Robert J. Rando (RR-5765)

RRando@RandoLawFirm.com

6800 Jericho Turnpike
Suite 120W
Syosset, NY 11791
(516) 799-9800 (o)
(516) 799-9820 (f)

*Attorneys for Defendant / Counter-Plaintiff, Eazy-PZ, LLC*

Of Counsel:

Jessica E. Zilberberg
JZilberberg@cgolaw.com
(*pro hac vice* application forthcoming)

**Carlson, Gaskey & Olds, P.C.**
400 West Maple Road, Suite 350
Birmingham, MI 48009
Tel: 248-988-8360
Fax: 248-988-8363

## **CERTIFICATE OF SERVICE**

   The undersigned attorney hereby certifies that he caused a true and accurate copy of the annexed **MEMORANDUM IN OPPOSITION TO LUV N' CARE, LTD. AND ADMAR INTERNATIONAL, INC.'S MOTION TO MODIFY SUBPOENA** to be served by United States Priority Mail and Electronic ECF Filing, on the following counsel:

    **Robert Martin Chiaviello, Jr.**
    Robert M. Chiaviello, Jr., Attorney-at-Law
    260 Madison Ave., 8th Floor
    New York, NY 10016
    (929)-249-0028
    bob@iprcounsel.com

    Attorneys for LUV N' CARE, LTD. AND ADMAR
    INTERNATIONAL, INC.;

this 12th day of November, 2018.

            /s/  Robert J. Rando
            Robert J. Rando, Esq. (RR-5765)