UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LUV N' CARE, LTD.,

                Plaintiff,

        -v-

EAZY-PZ, LLC,

                Defendant,

        -v-

GOLDBERG COHEN, LLP,

                Respondent.

18-MC-491 (JPO)

MEMORANDUM AND ORDER

---

J. PAUL OETKEN, District Judge:

      On October 24, 2018, Luv N' Care, Ltd. ("LNC") commenced this action by filing a motion to modify a subpoena served by Defendant Eazy-PZ, LLC ("EZPZ") on LNC's former legal counsel, Respondent Goldberg Cohen LLP ("Goldberg Cohen"). (Dkt. No. 1.) The subpoena was issued in connection with ongoing litigation in the Western District of Louisiana between LNC and EZPZ, styled *Luv N' Care Ltd. v. Laurain, et al.*, No. 16 Civ. 777 (W.D. La.) (the "Western District of Louisiana action"). (Dkt. No. 2 at 2–3.) The Western District of Louisiana action involves patent, copyright, and unfair competition claims stemming from EZPZ's ownership of a patent for a children's feeding mat and LNC's production of a mat which allegedly infringes that patent. (Dkt. No. 2 at 2–3; Dkt. No. 7 at 1–2.) EZPZ's subpoena seeks Goldberg Cohen's production of documents relating to prior legal disputes between LNC and Goldberg Cohen, which involved a mix of legal malpractice, contract, and tort claims. (Dkt. No. 2-1 at 8; Dkt. No. 4 ¶¶ 13–15.)

1

LNC now moves this Court to modify the subpoena pursuant to Federal Rule of Civil Procedure 45(d)(3), on the grounds that it requires the disclosure of privileged materials and confidential business information, and that the documents and information sought are of no relevance to the underlying Western District of Louisiana action. (Dkt. No. 2 at 6.)

## I. Legal Standards

Rule 45(d)(3)(A) provides that upon receipt of a "timely motion, the court for the district where compliance is required must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A). District courts may also quash or modify a subpoena that requires "disclosing a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 45(d)(3)(B).

In addition, because "the relevance standard that applies when seeking discovery from a party also applies to non-parties[,] . . . 'subpoenas issued under Rule 45 are subject to the relevance requirement of Rule 26(b)(1).'" *Citizens Union of City of N.Y. v. Attorney General of N.Y.*, 269 F. Supp. 3d 124, 139 (S.D.N.Y. 2017) (quoting *Malibu Media, LLC v. Doe*, No. 15 Civ. 3147, 2016 WL 5478433, at *2 (S.D.N.Y. Sept. 29, 2016)). Rule 26(b) provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "The party seeking discovery bears the initial burden of proving the discovery is relevant, and then the party withholding discovery on the grounds of burden, expense, privilege, or work product bears the burden of proving the discovery is in fact

2

privileged or work product, unduly burdensome and/or expensive." *Citizens Union of City of N.Y.*, 269 F. Supp. 3d at 139.

**II.     Discussion**

    **A.     Privileged and Confidential Materials**

LNC moves to modify the subpoena on the grounds that it requires the disclosure of LNC's confidential business information and documents subject to the attorney-client privilege. (Dkt. No. 2 at 6–9.)  By its plain terms, however, the subpoena excludes from its scope privileged documents.  (Dkt. No. 2-1 at 7.)  Moreover, EZPZ attached to the subpoena a copy of the Stipulated Protective Order governing the designation and disclosure of confidential materials in the Western District of Louisiana action ("the Protective Order").  (Dkt. No. 2-1 at 56.)  In serving the subpoena, EZPZ directed Goldberg Cohen to comply with the Protective Order "to the extent [it] consider[ed] any documents [it] produce[d] to be confidential."  (Dkt. No. 2-1 at 1.)  After EZPZ cited these portions of the subpoena in its opposition to LNC's motion to modify (Dkt. No. 7 at 2–4), LNC acknowledged in its reply brief that the parties were in "agreement that no attorney-client privileged information . . . should be produced," and LNC did not renew its concerns regarding the production of confidential business information (Dkt. No. 8 at 2).

In any event, LNC's concerns regarding disclosure of confidential or privileged information are adequately addressed by permitting LNC to review and object to any portions of Goldberg Cohen's intended production that LNC deems privileged or confidential.  *See infra* Section II.C.  Accordingly, LNC's motion to modify the subpoena on grounds of privilege and confidentiality is denied.

B.    Relevance

EZPZ's subpoena of Goldberg Cohen includes five specific requests for production. (*See* Dkt. No. 2-1 at 8.) LNC objects to four of the five on grounds of relevancy. The Court addresses each request in turn.

> 1. "All documents filed with the Court and all letters to the Court in *Luv n' Care Ltd. et al v. Goldberg Cohen LLP, et al.*, Case No. 15-cv-9248 (NRB), in unredacted form."

EZPZ seeks production of unredacted versions of Goldberg Cohen's filings in a legal malpractice suit previously brought by LNC against Goldberg Cohen in this District, in an action styled *Luv n' Care Ltd. et al v. Goldberg Cohen LLP, et al.*, No. 15 Civ. 9248 (S.D.N.Y.). (*See* Dkt. No. 2-1 at 8; Dkt. No. 4 ¶ 13.) LNC's primary objection to the production of these documents stems from LNC's concerns over attorney-client privilege (Dkt. No. 2 at 10; Dkt. No. 8 at 3), concerns the Court has already addressed. *See supra* Section II.A. To the extent there are responsive and non-privileged documents currently under seal in the cited action, the Court concludes that their production is warranted under the standards set forth in Rule 26(b)(1).

> 2. "All documents, communications, and/or things related to the allegations of perjury by Mr. Nouri E. Hakim in the document attached as Exhibit 1."

EZPZ seeks production of documents related to Goldberg Cohen's allegations of perjury against Nouri E. Hakim. (Dkt. No. 2-1 at 8.) Hakim is LNC's founder and CEO. (Dkt. No. 4 ¶ 4.) The "Exhibit 1" identified in the subpoena is Goldberg Cohen's reply brief in support of its motion to dismiss LNC's legal malpractice claims against Goldberg Cohen in *Luv n' Care Ltd. et al. v. Goldberg Cohen LLP, et al.*, No. 15 Civ. 9248 (S.D.N.Y.), a brief in which Goldberg Cohen accused Hakim of perjury. (Dkt. No. 2-1 at 10, 16, 18.)

EZPZ asserts that Hakim may be a key trial witness for LNC in the Western District of Louisiana action, and that any evidence of past perjury may be relevant to his credibility and

propensity for telling the truth.  (Dkt. No. 7 at 5.)  LNC counters that evidence of a witness's past perjury is generally inadmissible under Federal Rule of Evidence 608(b), and that the evidence of perjury at issue here would likely be barred by Federal Rule of Evidence 403.  (Dkt. No. 8 at 4.)  "Information within [the] scope of discovery need not be admissible in evidence to be discoverable."  Fed. R. Civ. P. 26(b)(1).  Here, evidence of Hakim's prior acts of perjury would surely be relevant to his credibility, regardless of the ultimate admissibility of the specific evidence presently sought by EZPZ.  Accordingly, the Court concludes that production of these documents is warranted under the standards set forth in Rule 26(b)(1).

> 3. **"All documents, communications, and/or things related to the allegations of harassing behavior by LNC in the document attached as Exhibit 2."**

EZPZ seeks production of documents related to Goldberg Cohen's allegations of harassing behavior by LNC.  (Dkt. No. 2-1 at 8.)  The "Exhibit 2" identified in the subpoena is Goldberg Cohen's brief in opposition to LNC's motion for leave to amend its complaint in *Luv n' Care Ltd. et al v. Goldberg Cohen LLP, et al.*, No. 15 Civ. 9248 (S.D.N.Y.), a brief in which Goldberg Cohen accused LNC of attempting to pursue harassing litigation tactics.  (Dkt. No. 2-1 at 29, 53.)

LNC objects to this request on two grounds.  First, LNC argues that Goldberg Cohen could not possibly have documents related to LNC's harassing behavior because Goldberg Cohen never in fact accused LNC of harassment; instead, according to LNC, Goldberg Cohen simply argued that LNC might hypothetically engage in harassing litigation tactics if its motion for leave to amend was granted.  (Dkt. No. 2 at 11–12; Dkt. No. 8 at 5.)  As EZPZ points out, LNC's objection is not a ground to modify this portion of the subpoena:  If Goldberg Cohen has in its possession no documents responsive to EZPZ's request, "it can simply say so."  (Dkt. No. 7 at 6.)

Second, LNC argues that this request is so vague that Goldberg Cohen could not possibly understand what documents it is required to produce. (Dkt. No. 2 at 12.) The Court disagrees, and finds LNC's concerns regarding this request's vagueness unfounded. Accordingly, the Court concludes that production of these documents is warranted under the standards set forth in Rule 26(b)(1).

### 4. "All documents, communications, and/or things relating to LNC's refusal to pay fees due to Goldberg Cohen LLP for legal services provided."

EZPZ seeks production of all documents relating to LNC's refusal to pay Goldberg Cohen LLP for legal services provided. (Dkt. No. 2-1 at 8.) LNC objects to this request on grounds of privilege, vagueness, and relevance. (Dkt. No. 2 at 12–13.) For reasons already addressed, the Court concludes that LNC's objections to this request on the grounds of attorney-client privilege and the request's vagueness are without merit. With respect to LNC's relevance objections, the Court concludes that production of these documents is warranted under the standards set forth in Rule 26(b)(1).

### C. Leave to Review

The Court is mindful of the potential prejudice to LNC in permitting a third-party to subpoena LNC's former counsel for documents relating to a prior representation. Accordingly, the Court grants LNC's request for leave to review any documents to be produced by Goldberg Cohen in advance of their production.

LNC shall complete its review within five business days of its receipt of Goldberg Cohen's intended production. Any objections to Goldberg Cohen's intended production shall be limited to grounds of privilege or confidentiality. LNC shall submit copies of any documents it identifies as exempt from disclosure on grounds of privilege or confidentiality to the Court for *in camera* review. In addition, LNC may move for the designation of any documents to be

6

produced as confidential pursuant to the Protective Order in place in the Western District of Louisiana action. (*See* Dkt. No. 2-1 at 56.)

### III. Conclusion

For the foregoing reasons, LNC's motion to modify the subpoena is DENIED. Goldberg Cohen shall comply with the subpoena as issued, with the proviso that Goldberg Cohen shall permit LNC to review its intended production in a manner consistent with this opinion.

The Clerk of Court is directed to close the motion at Docket Number 2.

SO ORDERED.

Dated: November 20, 2018
       New York, New York

                                            J. PAUL OETKEN
                                            United States District Judge